IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

GREAT DIVIDE INSURANCE COMPANY :
:
:
     Plaintiff,                 :     CASE NO.:
     v.                       :
:     JURY TRIAL REQUESTED
WASTE MANAGEMENT, INC. OF FLORIDA :
     Defendant,           :
:
     And                  :
:
FIRST FLEET TRUCK SALES INC. :
     Defendant,           :
:
     And                  :
:
NEXTRAN CORPORATION :
     Defendant.           :
_____:

## COMPLAINT FOR NEGLIGENCE

Plaintiff, Great Divide Insurance Company, hereby sues the Defendants, Waste Management, Inc. of Florida, First Fleet Truck Sales, Inc., and Nextran Corporation, and alleges as follows:

## PARTIES

1.    Plaintiff, Great Divide Insurance Company ("Great Divide") is an Arizona Corporation that maintains its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona.

2.    At all times relevant hereto, Great Divide engaged in the business of, among other things, underwriting property insurance and was authorized to conduct such business in the Commonwealth of Pennsylvania.

3.      At all times material hereto, Great Divide issued a policy of insurance covering the real and personal property of Royal Flush, LLC and Eastern Waste Systems, Inc., and to the extent of any payments made hereunder, has become subrogated their rights.

4.      Royal Flush, LLC ("Royal Flush") is a Florida Corporation that maintains its principal place of business at 1660 NW 19th Avenue, Pompano Beach, FL 33069.

5.      Eastern Waste Systems, Inc. ("Eastern"), is a Florida Corporation that maintains its principal place of business at 1660 NW 19th Avenue, Pompano Beach, FL 33069.

6.      At all times material hereto, Royal Flush and Eastern were in the business of, among other things, removing debris from construction sites, and employed John Mosely, the driver of the trash truck which is the subject of this action ("Subject Truck"), to empty truck's contents at a dump site owned by Defendant, Waste Management, Inc. of Florida, located at 1951 N. Powerline Road, Pompano Beach, Florida.

7.      John Mosely is an individual of sound mind, and at all times material hereto was employed by Royal Flush and Eastern, and in such capacity, attempted to empty the contents of the Subject Truck at a dump site owned by Defendant, Waste Management, Inc. of Florida, located at 1951 N. Powerline Road, Pompano Beach, Florida.

8.      Defendant, Waste Management, Inc. of Florida ("Waste Management"), is a Florida corporation that maintains its principal place of business at 1001 Fannin Street, Houston, TX 77002.

9.      At all times material hereto, Waste Management was in the business of, among other things, storing waste and debris from construction sites, and at all times material hereto, employed Luis Carrion.

10.     Luis Carrion is an individual of sound mind, and at all times material hereto was employed by Waste Management and, in such capacity, served as a spotter for the emptying of the contents of the subject truck at a dump site owned by Defendant, Waste Management, located at 1951 N. Powerline Road, Pompano Beach, Florida.

11.     Defendant, First Fleet Truck Sales, Inc. ("First Fleet"), is a Florida corporation that maintains its principal place of business at 1933 8th Avenue North, Lake Worth, FL 33461.

12.     At all times material hereto, First Fleet was in the business of, among other things, installing, assembling, repairing, maintaining, manufacturing, and/or selling and distributing, trash trucks, and improperly installed the dump hinge on the Subject Truck.

13.     Defendant, Nextran Corporation ("Nextran"), is a Florida corporation that maintains its principal place of business at 1986 W. Beaver Street, Jacksonville, FL 32209.

14.     At all times material hereto Nextran was in the business of, selling and/or distributing trucks, including the trash truck which is the subject of this action.

## JURISDICTION AND VENUE

15.     Plaintiff incorporates by reference all of the foregoing paragraphs as though more fully set forth herein.

16.     Plaintiff Great Divide, as an Arizona Corporation, is a citizen of the State of Arizona, maintaining its principal place of business in Scottsdale, Arizona.

17.     Defendant Waste Management, a Florida Corporation, and citizen of the State of Texas, with its principal place of business in Houston, Texas, was doing business regularly in Pompano Beach, Broward County, Florida.

18.     Defendant First Fleet as a Florida Corporation, is a citizen of the State of Florida, with its principal place of business in Lake Worth, Florida, and at all times relevant herein was doing business regularly in Pompano Beach, Broward County, Florida.

19.     Defendant Nextran as a Florida Corporation, is a citizen of the State of Florida, with its principal place of business in Jacksonville, Florida, and at all times relevant herein was doing business regularly in Pompano Beach, Broward County, Florida.

20.     Jurisdiction in Federal Court in the State of Florida is proper because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332.

21.     Venue is proper in the United States District Court for the Southern District of Florida, because the accident from which this cause of action arises occurred in Broward County, Florida.

## GENERAL AVERMENTS

22.     Plaintiff incorporates by reference all of the foregoing paragraphs as though more fully set forth herein.

23.     On December 28, 2016, Eastern Waste Systems and/or Royal Flush purchased the Subject Truck from Defendant Nextran.

24.     On December 29, 2016, the Subject Truck was delivered to Defendant First Fleet for modification.  The modifications included, but were not limited to, installation and/or repair of the Subject Truck's dump hinge.

25.     On August 10, 2017, John Carrion, an employee of Defendant Waste Management, was directing John Moseley, an employee of Royal Flush and Eastern Waste Systems, who was operating the Subject Truck at a site owned by Defendant Waste Management, located

at 1951 N. Powerline Road, Pompano Beach, Florida.   Mr. Carrion directed Mr. Mosely to a location to dump the debris he was hauling and Mr. Mosely caused the dumpster attached to the truck to be raised up to dump its load.

26.    Upon information and belief, a severe rainstorm had hit during the process of unloading the debris.

27.    When he engaged the hydraulic lift to bring the dumpster back on the truck bed, the dump hinge, on the Subject Truck, failed, whereby the chain dislodged and the door swung and struck Mr. Carrion causing him serious bodily injury.

28.    The Subject Truck was a 2017 Mack GU Prentice truck, manufactured by Mack Trucks and sold to Plaintiff's Insureds, Royal Flush and Eastern Waste Management, by Defendant Nextran.

29.    Prior to the subject accident, on or about December 29, 2016, Defendant, First Fleet, installed additional components including the dump hinge.

30.    Upon information and belief, First Fleet, installed, assembled, repaired, maintained, manufactured, and/or sold the Subject Truck and/or dump hinge.

31.    Defendant, Waste Management had a duty to inspect the premises, to maintain the area free of dangers caused by unreasonable conditions, to warn of dangerous conditions unknown or not obvious to its business invitee, Mr. Carrion, and to keep the premises in a reasonably safe condition, and failed to do so.

32.    The condition of the premises constituted violations of Florida statutes, city codes, and safety regulations, including but not limited to F.S. § 403.716.

33.    Defendant Waste Management breached its duties of care by failing to protect Mr. Carrion from an unreasonably dangerous condition, of which it had actual and/or

constructive knowledge, and in failing to warn of the unreasonably dangerous condition, and in failing to properly inspect and/or maintain the premises to ensure that they were safe.

34.     Defendant First Fleet had a duty to install, assemble, repair, maintain, manufacture, and/or sell the Subject Truck and/or dump hinge in a reasonably safe condition and to inspect the Subject Truck and dump hinge, to maintain the same free of dangers caused by unreasonable conditions, and to warn of dangerous conditions unknown or not obvious to Mr. Carrion, and failed to do so.

35.     Defendant First Fleet breached its duties of care by failing to protect Mr. Carrion from an unreasonably dangerous condition, of which it had actual and/or constructive knowledge, and in failing to warn of the unreasonably dangerous condition, and in failing to properly inspect and/or maintain the Subject Truck and dump hinge to ensure that they were safe.

36.     Defendant Nextran had a duty to distribute and/or sell the Subject Truck in a reasonably safe condition, as well as a duty to inspect the Subject Truck, to maintain the same free of dangers caused by unreasonable conditions, and to warn of dangerous conditions unknown or not obvious to Mr. Carrion, and failed to do so.

37.     Defendant Nextran breached its duties of care by failing to protect Mr. Carrion from an unreasonably dangerous condition, of which it had actual and/or constructive notice, and in failing to warn of the unreasonably dangerous condition, and in failing to properly inspect and/or maintain the Subject Truck to ensure that it was safe.

38.     These dangerous conditions existed for a sufficient length of time such that the Defendants, had they exercised proper care in maintaining the premises, Subject Truck,

and dump hinge, knew or should have known of it as it created a foreseeable and unreasonable danger or risk to Mr. Carrion.

39.     As a direct and proximate result of the dangerous condition created by or permitted to exist by the Defendants, Mr. Carrion was struck by a heavy rear door of the Subject Truck.

40.     As a direct and proximate result of the negligent acts and/or omissions of Defendants as explained above, Mr. Carrion suffered severe bodily injuries and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost earnings and lost future ability to earn and aggravation of previously existing conditions.  Mr. Carrion's losses are either permanent or continuing in nature and Mr. Carrion will suffer losses and impairment in the future.

41.     At all relevant times, Royal Flush and Eastern Waste Systems were insured under a policy of insurance issued by Plaintiff, Great Divide. As a result of the aforementioned incident, Royal Flush and Eastern Waste Systems submitted a claim, which Great Divide paid under the applicable policy. Plaintiff, Great Divide paid damages in the amount of $1,000,000.00 to settle the aforementioned claim.

42.     Pursuant to the Great Divide policy and applicable law, Great Divide is the real party in interest and properly asserts claims of common law indemnity against the third parties responsible for causing the damage.

## COUNT I – COMMON LAW INDEMNITY
## PLAINTIFF v. FIRST FLEET

43.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

44.     Based on the negligence of Defendant First Fleet in the underlying personal injury involved in the instant action, Defendant, First Fleet is responsible for the injuries sustained and amounts expended to settle the resulting bodily injury claim.

45.     Plaintiff's Insured was in no way at fault for the resulting injuries; however, Plaintiff nonetheless paid the amounts necessary to settle the aforementioned bodily injury claims.

46.     Neither Plaintiff, nor its insured, had any primary negligence nor any liability for the occurrence, despite the fact that the incident occurred while Mr. Carrion was acting in his capacity as spotter for Defendant Waste Management to unload Plaintiff's Subject Truck.

47.     A claim was presented by Mr. Carrion to Plaintiff, Great Divide.

48.     Because the claim asserted damages which occurred while Mr. Carrion was spotting the dumping of a vehicle owned by the Plaintiff's Insured, the Plaintiff, Great Divide elected to settle the bodily injury claims and thereafter pursue indemnity against the solely responsible party, First Fleet.

49.     The primary liability of the Defendant, First Fleet gave rise to the secondary liability of the Plaintiff.

50.     Plaintiff acted responsibly and as in accordance with the actions of a reasonable person under the circumstances, in negotiating and settling the underlying bodily injury claims, so as to cap any potential further exposure for any other responsible parties.

51.     Plaintiff now seeks indemnity against the Defendant, First Fleet, based upon First Fleet's primary liability for their employee's negligence, which gave rise to the underlying personal injury and resulting bodily injury claims.

52.     Plaintiff is not a volunteer, and fully discharged any and all potential liability of Defendant, First Fleet.

53.     Based upon the allegations set forth above, the Plaintiff is entitled to common law indemnity for all amounts paid with respect to the underlying the motor vehicle accident, including the $1,000,000.00 paid to settle the bodily injury claims, along with pre-judgment interest, costs of this action, and attorney's fees.

   **WHEREFORE**, Plaintiff Great Divide Insurance Company, demands judgment, against all Defendants, jointly and severally, in the amount of $1,000,000.00 along with interest, costs, attorneys' fees, and other such relief as the Court deems just and proper.

### COUNT II – COMMON LAW INDEMNITY
### PLAINTIFF v. NEXTRAN

54.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

55.     Based on the negligence of Defendant Nextran in the underlying personal injury involved in the instant action, Defendant, Nextran is responsible for the injuries sustained and amounts expended to settle the resulting bodily injury claim.

56.     Plaintiff's Insured was in no way at fault for the resulting injuries; however, Plaintiff nonetheless paid the amounts necessary to settle the aforementioned bodily injury claims.

57.     Neither Plaintiff, nor its insured, had any primary negligence nor any liability for the occurrence, despite the fact that the incident occurred while Mr. Carrion was acting in his capacity as spotter for Defendant Waste Management to unload Plaintiff's Subject Truck.

58.     A claim was presented by Mr. Carrion to Plaintiff, Great Divide.

59.     Because the claim asserted damages which occurred while Mr. Carrion was spotting the dumping of a vehicle owned by the Plaintiff's Insured, the Plaintiff, Great Divide elected to settle the bodily injury claims and thereafter pursue indemnity against the solely responsible party, Nextran.

60.     The primary liability of the Defendant, Nextran gave rise to the secondary liability of the Plaintiff.

61.     Plaintiff acted responsibly in negotiating and settling the underlying bodily injury claims, so as to cap any potential further exposure for any other responsible parties.

62.     Plaintiff now seeks indemnity against the Defendant, Nextran, based upon Nextran's primary liability for their employee's negligence, which gave rise to the underlying personal injury and resulting bodily injury claims.

63.     Plaintiff is not a volunteer, and fully discharged any and all potential liability of Defendant, Nextran.

64.     Based upon the allegations set forth above, the Plaintiff is entitled to common law indemnity for all amounts paid with respect to the underlying the motor vehicle accident, including the $1,000,000.00 paid to settle the bodily injury claims, along with pre-judgment interest, costs of this action, and attorney's fees.

**WHEREFORE**, Plaintiff Great Divide Insurance Company, demands judgment, against all Defendants, jointly and severally, in the amount of $1,000,000.00 along with interests, costs, attorneys' fees, and other such relief as the Court deems just and proper.

<u>COUNT III – COMMON LAW INDEMNITY</u>
<u>PLAINTIFF v. WASTE MANAGEMENT</u>

65.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

66.     Based on the negligence of Defendant Waste Management in the underlying personal injury involved in the instant action, Defendant, Waste Management is responsible for the injuries sustained and amounts expended to settle the resulting bodily injury claim.

67.     Plaintiff's Insured was in no way at fault for the resulting injuries; however, Plaintiff nonetheless paid the amounts necessary to settle the aforementioned bodily injury claims.

68.     Neither Plaintiff, nor its insured, had any primary negligence nor any liability for the occurrence, despite the fact that the incident occurred while Mr. Carrion was acting in his capacity as spotter for Defendant Waste Management to unload Plaintiff's Subject Truck.

69.     A claim was presented by Mr. Carrion to Plaintiff, Great Divide.

70.     Because the claim asserted damages which occurred while Mr. Carrion was spotting the dumping of a vehicle owned by the Plaintiff's Insured, the Plaintiff, Great Divide elected to settle the bodily injury claims and thereafter pursue indemnity against the solely responsible party, Waste Management.

71.     The primary liability of the Defendant, Waste Management gave rise to the secondary liability of the Plaintiff.

72.     Plaintiff acted responsibly in negotiating and settling the underlying bodily injury claims, so as to cap any potential further exposure for any other responsible parties.

73.     Plaintiff now seeks indemnity against the Defendant, Waste Management, based upon Waste Management's primary liability for their employee's negligence, which gave rise to the underlying personal injury and resulting bodily injury claims.

74.     Plaintiff is not a volunteer, and fully discharged any and all potential liability of Defendant, Waste Management.

75.     Based upon the allegations set forth above, the Plaintiff is entitled to common law indemnity for all amounts paid with respect to the underlying the motor vehicle accident, including the $1,000,000.00 paid to settle the bodily injury claims, along with pre-judgment interest, costs of this action, and attorney's fees.

**WHEREFORE**, Plaintiff Great Divide Insurance Company, demands judgment, against all Defendants, jointly and severally, in the amount of $1,000,000.00 along with interests, costs, attorneys' fees, and other such relief as the Court deems just and proper.

Respectfully Submitted,

_/s/ Jennifer M. Zelvin_____
JENNIFER M. ZELVIN
Fla. Bar No. 0043002
Jennifer Zelvin Law, LLC
430 European Lane
Fort Pierce, Florida 34982
(302) 528-8317
jzelvin@gmail.com

Dated: 11/21/18